IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TINA POYNTER-ABELL, as spouse of and on behalf of decedent ROBERT ABELL,<br><br>                Plaintiff,<br>v.<br>3M COMPANY f/k/a MINNESOTA MINING AND MANUFACTURING, BUCKEYE FIRE EQUIPMENT COMPANY, CHEMGUARD, INC., CHUBB FIRE, LTD./CHUBB FIRE & SECURITY LTD./CHUBB SECURITY, PLC/RED HAWK FIRE & SECURITY, LLC, and/or CHUBB NATIONAL FOAM, INC., CORTEVA, INC., DU PONT DE NEMOURS INC. f/k/a DOWDUPONT, INC., DYNAX CORPORATION, E.I. DUPONT DE NEMOURS INC., f/k/a DOWDUPONT, INC., LEO M. ELLEBRACHT COMPANY, NATIONAL FOAM, INC., RAYTHEON TECHNOLOGIES CORPORATION, individually and as successor in interest to UNITED TECHNOLOGIES CORPORATION, SENTINEL EMERGENCY SOLUTIONS, LLC, sued individually and as successor in interest to BATTALION THREE, INC. and FRANCO FIRE EQUIPMENT, THE CHEMOURS COMPANY FC LLC, TYCO FIRE PRODUCTS L.P., individually and as successor in interest to THE ANSUL COMPANY, UTC FIRE & SECURITY AMERICAS CORPORATION, INC., JOHN DOE DEFENDANTS 1-20,<br><br>                Defendants. | No. _____<br><br>**JURY TRIAL DEMANDED** |

## **NOTICE OF REMOVAL**

Defendants 3M Company ("3M"), Tyco Fire Products LP ("Tyco"), and Chemguard, Inc. ("Chemguard") ("Removing Defendants"), by and through undersigned counsel, hereby give notice of removal of this action, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, from the Circuit Court of the City of St. Louis, State of Missouri, to the United States District Court for the Eastern District of Missouri. As grounds for removal, Removing Defendants state as follows:

1

# BACKGROUND

1.  This action was filed on September 24, 2020, in Circuit Court of the City of St. Louis, State of Missouri, bearing case number 2022-CC09988. (Ex. A, Petition).

2.  Venue is proper in this Court pursuant to 28 U.S.C. §§ 105 and 1441(a) because the Circuit Court of the City of St. Louis, State of Missouri, is located within the Eastern District of Missouri.

3.  On October 1, 2020, Tyco was served with the initial Summons and Petition (Ex. B). On October 2, 2020, 3M was served with the initial Summons and Petition (Ex. C). Chemguard has not yet been served with the initial Summons and Petition. Accordingly, this Notice of Removal is timely filed. *See* 28 U.S.C. § 1446(b)(1). There have been no further proceedings in this action in the Circuit Court of the City of St. Louis, State of Missouri, and no further process, pleadings, or orders have been served on the Removing Defendants.

4.  In accordance with 28 U.S.C. § 1446(b)(2)(A), all defendants that have been properly joined and served in this action join in or consent to the removal of this action to this Court. (Exs. D–J).

5.  Plaintiff generally alleges that Defendants processed, distributed, marketed, sold, and supplied firefighting foams, namely, aqueous film-forming foams ("AFFF") containing allegedly harmful PFAS chemicals, and that Decedent Robert Abell's exposure to such AFFF led to his development of Non-Hodgkin's Lymphoma and his death. (Petition ¶¶ 6–36, 43, 100).

6.  Plaintiff asserts claims for strict products liability-design defect (*id.* ¶¶ 105–116), strict products liability-failure to warn (*id.* ¶¶ 117–125), negligence (*id.* ¶¶ 126–130), punitive damages (*Id.* ¶¶ 131–134), and wrongful death (*id.* ¶¶ 135–138).

7. Pursuant to 28 U.S.C. § 1446(d) and Local Rule 2.03, a copy of this Notice of Removal is being served upon counsel for Plaintiff and a copy is being filed with the Clerk of the Circuit Court of the City of St. Louis, State of Missouri.

8. Pursuant to Local Rule 2.03, a copy of all process, pleadings, orders and other documents now on file in the state court, including a copy of the state court's docket sheet, are included in Exhibit A.

9. By filing a Notice of Removal in this matter, Removing Defendants do not waive the rights of any Defendant to object to service of process, the sufficiency of process, jurisdiction over the person, or venue; and Removing Defendants specifically reserve the rights of all Defendants to assert any defenses and/or objections to which they may be entitled.

10. Removing Defendants reserve the right to amend or supplement this Notice of Removal.

11. If any question arises as to the propriety of the removal of this action, Removing Defendants respectfully request the opportunity to present a brief and request oral argument in support of removal.

## REMOVAL IS PROPER BASED ON DIVERSITY JURISDICTION

12. Removal here is proper under 28 U.S.C. § 1332, which provides for removal where (1) the amount in controversy exceeds $75,000, exclusive of interest and costs, and (2) the suit is between citizens of different states.[1]

---

[1] Following removal, Removing Defendants intend to designate this action for transfer to the *In re Aqueous Film-Forming Foams Products Liability Litigation* multi-district litigation pending before the Honorable Richard M. Gergel in the United States District Court for the District of South Carolina, MDL No. 2:18-mn-2873-RMG. The MDL currently includes several hundred cases brought by firefighter plaintiffs alleging injuries caused by exposure to AFFF.

**I.     The Amount in Controversy Requirement is Satisfied.**

13.     The amount in controversy requirement of 28 U.S.C. § 1332 is satisfied in this action. As the Supreme Court has made clear, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014); *see also* 28 U.S.C. § 1446(c)(2) ("the notice of removal may assert the amount in controversy"). While Removing Defendants deny that Plaintiff is entitled to any monetary or other relief, it is plain that the amount in controversy here is in excess of the jurisdictional minimum.

14.     In this action, Plaintiff is seeking monetary damages based on four distinct claims for relief. (*See supra* ¶ 6). Plaintiff seeks to recover in part monetary damages to compensate for: (1) "pecuniary losses suffered by reason of [Mr. Abell's] death, funeral expenses, and the reasonable value of the services, consortium, companionship, comfort, instruction, guidance, counsel, training, and support of which Plaintiff has been deprived by reason of such death," including "past and future lost income"; (2) Mr. Abell's "mental anguish, physical disability, conscious pain and suffering, terror, and further considering the aggravating circumstances attendant upon the fatal injury"; and (3) loss of consortium. (Petition ¶¶ 101–103). Plaintiff also seeks punitive and exemplary damages. (*Id.* ¶ 104).

15.     Given the damages sought by Plaintiff, it is plain that the amount in controversy exceeds the $75,000 jurisdictional minimum. For example, Plaintiff's claim for "past and future loss of income" alone would likely meet this requirement. Mr. Abell served as a firefighter for the City of St. Louis, Missouri prior to his death. (Petition ¶¶ 2–3). The current annual salary for a

City firefighter ranges from approximately $32,981 to $51,168.[2] Upon information and belief, at the time of his death, Mr. Abell was approximately fifty-four (54) years old.[3] Considering that Plaintiff seeks both "past and future" lost income, upon information and belief, Plaintiff seeks lost income for a period of at least two years. *See also*, *e.g.*, *Gebbia v. Wal-Mart Stores*, 233 F.3d 880, 881 (5th Cir. 2000) (alleged damages in a slip and fall case for "medical expenses, physical pain and suffering, mental anguish and suffering, loss of enjoyment of life, loss of wages and earning capacity, and permanent disability and disfigurement" satisfied the jurisdictional amount); *Frump ex rel. Aubuchon v. Claire's Boutiques, Inc.*, 2011 WL 1103055, *1 (W.D. Mo. March 22, 2011) (jurisdictional amount satisfied where plaintiff alleged "mental suffering, injury to feelings, injury to reputation, embarrassment, humiliation, fear, indignity, disgrace, stress and loss of liberty").

16.     In light of the nature and seriousness of the injuries alleged in the Petition, the death of Mr. Abell, and Plaintiff's claim for punitive damages, Plaintiff's Petition plainly places more than $75,000, exclusive of interests and costs, in controversy.

## II.     There is Complete Diversity of Citizenship between the Properly Joined Parties.

17.     Plaintiff asserts each of her claims against all named defendants.

18.     The Petition alleges that two defendants—Leo M. Ellebracht Company and Sentinel Emergency Solutions, LLC ("Distributor Defendants")—were "authorized dealers" of the AFFF products at issue. (Petition ¶¶ 23, 29). The Petition also alleges that the Distributor Defendants are Missouri corporations and are thus citizens of the State of Missouri. (Petition

---

[2] *See* "Description of Careers with the Fire Department," https://www.stlouis-mo.gov/government/departments/public-safety/fire/careers-descriptions.cfm (retrieved Oct. 28, 2020).

[3] *See* Obituary of Robert Allan "Bob" Abell, St. Louis Post-Dispatch, *available at* https://www.legacy.com/us/obituaries/stltoday/name/robert-allan-abell-bob-obituary?n=robert-allan-abell-bob&pid=186777189&fhid=6333 (retrieved Oct. 28, 2020).

¶¶ 22, 28, 39). The citizenship of the Distributor Defendants, however, must be disregarded for purposes of diversity jurisdiction as they have been fraudulently joined in this action. The remaining, properly joined defendants ("Manufacturing Defendants") are completely diverse from Plaintiff.

      **A.    The Distributor Defendants are Fraudulently Joined.**

19.    Fraudulent joinder of a party is an exception to the complete diversity rule. *See In re Prempro Prod. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010). Accordingly, when determining whether an action may be properly removed based on diversity jurisdiction, courts may ignore the citizenship of parties that have been fraudulently joined. *See Simpson v. Thomure*, 484 F.3d 1081, 1083 (8th Cir. 2007) (a defendant's right of removal "cannot be defeated by a fraudulent joinder of a resident defendant") (quoting *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921)); *Anderson v. Home Ins. Co.*, 724 F.2d 82, 84 (8th Cir. 1983) (per curiam) ("Joinder designed solely to deprive federal courts of jurisdiction is fraudulent and will not prevent removal."). If it appears there is no basis in fact or law for recovery against a particular defendant, joinder of that defendant is deemed fraudulent and will not prevent removal. *See Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 871 (8th Cir. 2002) ("Joinder is fraudulent and removal is proper when there exists no reasonable basis in fact and law supporting a claim against the resident defendants."); *Reeb v. Wal-Mart Stores, Inc.*, 902 F. Supp. 185, 187 (E.D. Mo. 1995).

20.    Plaintiff cannot recover against the Distributor Defendants because all of the claims asserted against the Distributor Defendants are subject to dismissal under Missouri's Innocent Seller statute, RSMo. § 537.762 (2019), and/or because Plaintiff fails to state a claim for relief against them under Missouri law.

21.    Under the Innocent Seller statute, "a defendant whose liability is based solely on his status as a seller in the stream of commerce when the manufacturer is properly before the Court

may be dismissed from the action." *Wichmann v. Proctor & Gamble Mfg. Co.*, No. 4:06CV1457 HEA, 2006 WL 3626904, at *2 (E.D. Mo. Dec. 11, 2006); *see also Spears v. Bayer Corp.*, No. 03-1151-CV-W-GAF, 2004 WL 7081940, at *3 (W.D. Mo. Mar. 29, 2004); 34 Mo. Prac., Personal Injury and Torts Handbook § 38:6 (2020 ed.). Both requirements are satisfied in this action.

22.     Plaintiff does not allege that the Distributor Defendants developed, designed, tested, or manufactured the AFFF products at issue in this action. Rather, Plaintiff alleges that the Distributor Defendants sold, advertised, and delivered AFFF products. (*See* Petition ¶ 23, 29). Plaintiff also alleges that the Distributor Defendants engaged in actions typical of a seller or distributor of a product, including providing product samples, demonstrating how to use and store the product, and providing information on the proper use and handling of the products. (*See id.*). There is no allegation that the Distributor Defendants' conduct in these latter activities involved anything more than merely acting as a passive conduit for material and information provided by the Manufacturer Defendants—typical and customary actions of a seller or distributor. In essence, Plaintiff's claims against the Distributor Defendants are based entirely on Distributor Defendants' status and actions as sellers of the at-issue products.[4]

23.     Plaintiff also pleads no facts whatsoever to provide a "reasonable basis" for any negligence claim against the Distributor Defendants. Rather, the Petition's negligence allegation simply lumps all defendants together, and alleges generally:

> As a manufacturer, processor, distributor, marketer, seller and supplier of AFFF, Defendants had a duty to exercise due care and the ordinary, reasonable and technical skill and competence that is required of processors, distributors, marketers, sellers, suppliers, and others in a similar situation, including, without limitation, the duty to acquire and maintain the knowledge of an expert, in

---

[4] The Petition also does not allege that the Distributor Defendants actually *sold* AFFF to the City of the St. Louis or its fire department. Similarly, the Petition does not allege that the decedent ever used, or was exposed to, AFFF sold by the Distributor Defendants, or that the decent had any interaction with the Distributor Defendants.

> processing, distribution, marketing, sale, and/or supply of products free from defects and/or latent defects; and the duty to adequately warn of product defects and/or hazards, which duty continued even after the sale of said products.

(Petition ¶ 127). But just as in *Spears v. Bayer Corp.*—where the plaintiff "offer[ed] only general conclusory statements" but "no specific allegations to support his claims" against the putative distributor defendants, 2004 WL 7081940 at *3 n. 4—such a conclusory allegation is insufficient here to state and sustain a claim of negligence against the Distributor Defendants. *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (finding a claim is plausible only if the plaintiff has "pleaded factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged").[5] Accordingly, Plaintiff's negligence claim does not bar application of the Innocent Seller statute or preclude removal. *See, e.g.*, *Wichmann*, 2006 WL 3626904 at *2 (granting seller defendant's motion to dismiss, and finding that seller defendant had been fraudulently joined under Missouri's Innocent Seller statute where the plaintiff's negligence claim against the seller of a product failed absent a duty to test for and report to customers the risks associated with the products it sells); *see also, e.g.*, *Thomas v. Brown & Williamson Tobacco Corp.*, No. 06-0223-CV-W-SOW, 2006 WL 1194873, at *3–4 (W.D. Mo. Apr. 28, 2006) (finding complete diversity existed for purposes of 28 U.S.C. § 1332 because Missouri defendants were fraudulently joined under Innocent Seller statute, in part because plaintiffs did not plead facts to support their fraudulent concealment claim); *Spears*, 2004 WL 7081940 at *3 (dismissing Missouri defendant under Innocent Seller statute and finding removal proper because "any theory of

---

[5] The allegations against the Distributor Defendants in the Petition would be insufficient even under Missouri's fact pleading standard. *See ITT Commercial Fin. Corp. v. Mid–Am. Marine Supply Corp.*, 854 S.W. 2d 371, 379 (Mo. 1993) (stating that Missouri is a "fact pleading" state); *see also Bohac v. Walsh*, 223 S.W.3d 858, 862 (Mo. App. 2007) ("If the petition contains only conclusions and does not contain the ultimate facts or any allegations from which to infer those facts, the petition may be dismissed for failure to state a claim.").

recovery against [Missouri defendant] would be based solely on its status as a seller of the product"; "[t]here is no allegation that [distributor defendant] tested the medicine, that [distributor defendant] knew of any defect or that [distributor defendant] could have discovered any defect in the product").[6]

24.     Although Removing Defendants deny the substance of Plaintiff's allegations, Removing Defendants are and/or were manufacturers of AFFF, are parties to this action, and are fully capable of responding to Plaintiff's claims and satisfying the judgment should Plaintiff ultimately prevail on her claims.  Further, Plaintiff need not rely on contributions from the Distributor Defendants to satisfy any recovery that may be awarded to Plaintiff as a result of this action—Plaintiff could obtain full recovery from the Manufacturing Defendants, including Removing Defendants.  Thus, the second requirement of the Innocent Seller statute is satisfied here.  *See, e.g.*, *Spears*, 2004 WL 7081940, at *3 (finding that "given the size of [Defendant] Bayer, Spears would be able to obtain full recovery from it and not need to rely on contribution from" the seller and applying the Innocent Seller statute).  *See also Letz v. Turbomeca Engine Corp.*, No. 93-1058-CV-W-6, 1993 WL 469182, at *1 (W.D. Mo. Nov. 15, 1993) ("Given the obvious purpose of the statute, I conclude it does not require elaborate financial inquiries but simply bringing parties before the court against whom judgments could be entered for the full amount of the loss.").

25.     As Plaintiff's claims against the Distributor Defendants are based entirely on their status and actions as sellers, and because Plaintiff could obtain full recovery from the

---

[6] Plaintiff's wrongful death claim similarly fails to withstand scrutiny, as any theory of recovery would be derivative of Plaintiff's insufficient strict products liability and negligence claims against the Distributor Defendants.

manufacturers of the at-issue products (including Removing Defendants) alone if Plaintiffs otherwise can establish liability, the Distributor Defendants are fraudulently joined.

  **B. There is Complete Diversity of Citizenship between Plaintiff and the Properly Joined Manufacturing Defendants.**

  26. The Petition alleges that Plaintiff is a resident of the State of Missouri and that her husband, the decedent, was a resident of Missouri who served for some 25 years as a firefighter in St. Louis. (Petition ¶¶ 1–2). Upon information and belief, Plaintiff is a citizen of Missouri.

  27. The Petition alleges that all of the Manufacturing Defendants are citizens of states other than Missouri or of a foreign stat (*see* Petition ¶¶ 6–21, 24–27, 30–35), and on information and belief, no properly joined defendant is a citizen of the State of Missouri. (*See also infra* ¶¶ 28, 30, 39; Exs. D–J).

  28. The Petition alleges that 3M is a Delaware corporation with its principal place of business in Minnesota. (*Id.* ¶ 6). Accordingly, 3M is a citizen of Delaware and Minnesota.

  29. The Petition alleges that Defendant Buckeye Fire Equipment Company ("Buckeye") is an Ohio corporation with its principal place of business in North Carolina. (Petition ¶ 8). Accordingly, on information and belief, Buckeye is a citizen of Ohio and North Carolina.

  30. The Petition incorrectly asserts that Chemguard is a Wisconsin corporation with its principal place of business in Wisconsin. (Petition ¶ 10). Chemguard is a Texas corporation with its principal place of business in Wisconsin. Accordingly, Chemguard is a citizen of Texas and Wisconsin.

  31. The Petition alleges that Defendant Chubb Fire, Ltd. ("Chubb") is a foreign private limited company, registered in the United Kingdom, with its principal place of business in the United Kingdom. (Petition ¶¶ 12–13). Accordingly, on information and belief, Chubb is a foreign citizen (a citizen of the United Kingdom).

32. The Petition alleges that Defendant Corteva, Inc. ("Corteva") is a Delaware Corporation with its principal place of business in Delaware. (Petition ¶ 14). Accordingly, on information and belief, Corteva is a citizen of Delaware.

33. The Petition alleges that Defendant Du Pont de Nemours Inc. (f/k/a DowDuPont, Inc.) ("DowDuPont"), is a Delaware corporation with principal places of business in Delaware and Michigan. (Petition ¶ 16). On information and belief, DowDuPont is a citizen of Delaware. (*See* Ex. G).

34. The Petition alleges that Defendant Dynax Corporation ("Dynax") is a Delaware Corporation with its principal place of business in New York. (Petition ¶ 18). Accordingly, on information and belief, Dynax is a citizen of Delaware and New York.

35. The Petition alleges that Defendant E. I. du Pont de Nemours and Company ("DuPont") is a Delaware corporation with its principal place of business in Delaware. (Petition ¶ 20). Accordingly, on information and belief, DuPont is a citizen of Delaware.

36. The Petition erroneously alleges that Defendant National Foam, Inc. ("National Foam") is a Delaware corporation with its principal place of business in Pennsylvania. (Petition ¶ 24). National Foam is a Delaware corporation with its principal place of business in North Carolina. (Ex. J). Accordingly, on information and belief, National Foam is a citizen of Delaware and North Carolina.

37. The Petition alleges that Defendant Raytheon Technologies Corporation ("Raytheon") is "a foreign corporation organized and existing under the laws of the State of Delaware" with its principal place of business in Connecticut. (Petition ¶ 26). Accordingly, on information and belief, Raytheon is a citizen of Delaware and Connecticut.

38. The Petition alleges that Defendant The Chemours Company FC, LLC ("Chemours FC"), is a Delaware corporation with its principal place of business in Delaware. (Petition ¶ 30). On information and belief based on its own averments in other PFAS litigation, Chemours FC is a limited liability company whose sole member is The Chemours Company, and The Chemours Company is a Delaware corporation with its principal place of business in Delaware. Accordingly, on information and belief, Chemours FC is a citizen of Delaware.

39. The Petition alleges that Tyco is a Delaware limited partnership with its principal place of business in Wisconsin. (Petition ¶ 32). As a limited partnership, Tyco has the citizenship of each of its general and limited partners.[7] *See OnePoint Sols., LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007), *GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004). None of its general or limited partners is a citizen of the State of Missouri. Accordingly, Tyco is a foreign citizen and is not a citizen of the State of Missouri.

40. The Petition alleges that Defendant UTC Fire & Security Americas Corporation, Inc. (f/k/a GE Interlogix, Inc.) ("UTC") is a North Carolina corporation with its principal place of business in North Carolina. (Petition ¶ 34). Accordingly, on information and belief, UTC is a citizen of North Carolina.

---

[7] Tyco's partners are Central Sprinkler LLC and Fire Products GP Holding LLC. These limited liability companies have the citizenship of their membership, which is as follows: (a) Fire Products GP Holding, LLC is wholly owned by its single member, Central Sprinkler LLC; (b) Central Sprinkler LLC is wholly owned by its single member, Tyco International Management Company, LLC; (c) Tyco International Management Company, LLC is wholly owned by its single member, Tyco Fire & Security US Holdings LLC; (d) Tyco Fire & Security US Holdings LLC is wholly owned by its single member, Tyco Fire & Security (US) Management, LLC; (e) Tyco Fire & Security (US) Management, LLC is wholly owned by its single member Johnson Controls US Holdings LLC; (f) Johnson Controls US Holdings LLC is owned by three Luxembourg companies (JIH S.à.r.l., Tyco International Finance S.A., and Tyco International Holding S.à.r.l.).

41. The presence of "Doe" defendants here does not affect the diversity analysis. *See* 28 U.S.C. § 1442(b)(1) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded."); *see also Soliman v. Philip Morris Inc.*, 311 F.3d 966, 971 (9th Cir. 2002) ("The citizenship of fictitious defendants is disregarded for removal purposes and becomes relevant only if and when the plaintiff seeks leave to substitute a named defendant.").

42. Because Plaintiff is a citizen of the State of Missouri and no properly joined defendant is a citizen of the State of Missouri, complete diversity exists among the properly joined parties to this action.

WHEREFORE, Removing Defendants hereby remove this action from the Circuit Court of the City of St. Louis, State of Missouri, to this Court.

Dated: November 2, 2020

        HEPLERBROOM LLC

        By: */s/ Matthew H. Noce*
        GERARD T. NOCE     #27636
        gtn@heplerbroom.com
        MATTHEW H. NOCE     #57883
        mhn@heplerbroom.com
        211 North Broadway
        Suite 2700
        St. Louis, Missouri 63102
        314/241-6160
        314/241-6116 – Facsimile

        Attorneys for Defendants Tyco Fire Products, LP & Chemguard, Inc.

MAYER BROWN LLP

By: /s/ Sarah I. Rashid
Sarah I. Rashid, #69288 (E.D. Mo. pending)
Richard F. Bulger (*pro hac vice* forthcoming)
Daniel L. Ring (*pro hac vice* forthcoming)
Tyler D. Alfermann (*pro hac vice* forthcoming)
71 South Wacker Drive
Chicago, IL 60606
Tel: (312) 782-0600
srashid@mayerbrown.con
rbulger@mayerbrown.com
dring@mayerbrown.com
talfermann@mayerbrown.com

Attorneys for Defendant 3M Company